UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PUGET SOUND ELECTRICAL WORKERS
HEALTHCARE TRUST, et al.,

                 Plaintiffs,

     v.

SENTRY STORAGE PARTNERS II, LLC
d/b/a BOBCAT CONSTRUCTION,

                 Defendants.

CASE NO. C17-1124-MAT

ORDER LIFTING STAY AND
GRANTING PLAINTIFFS' MOTION
FOR SUMMARY JUDGMENT

## INTRODUCTION

Plaintiffs Puget Sound Electrical Workers Healthcare Trust, Puget Sound Electrical Workers Pension Trust, Puget Sound Electrical Workers 401(k) Savings Plan Trust, Puget Sound Electrical Joint Apprenticeship and Training Trust, and National Electrical Benefit Fund (collectively, the "Trust Funds") move for summary judgment against defendant Sentry Storage Partners II, LLC d/b/a BobCat Construction ("BobCat Construction"). (Dkt. 15.) This matter was brought pursuant to the Employee Retirement Income Security Act, 29 U.S.C. § 1001, et seq. (ERISA), to recover delinquent trust fund contributions, liquidated damages, interest, accounting

fees, attorney's fees, and costs. The Court, for the reasons set forth below, herein lifts the stay previously imposed and finds plaintiff entitled to summary judgment.

## BACKGROUND

Plaintiff Trust Funds allege defendant BobCat Construction breached the terms of labor and trust agreements between the International Brotherhood of Electrical Workers, Local 46 (the "Union") and BobCat Construction, to which the Trust Funds are beneficiaries and/or parties, and that the breach constitutes a violation of ERISA. (Dkt. 1.) Plaintiffs voluntarily dismissed a previous lawsuit after defendant complied with a request to audit relevant payroll and related business records. *See Puget Sound Electrical Workers Healthcare Trust, et al. v. Sentry Storage Partners II, LLC*, No. 16-1504-RSL (Dkt. 4). A February 7, 2017 payroll compliance report completed as a result of the audit determined defendant owed plaintiffs, for the period between July 1, 2014 and March 31, 2015, a total of $193,243.38, comprised of $144,470.24 in fringe benefit contributions, $14,789.32 in liquidated damages, $31,054.57 in accrued interest, and $2,929.25 in accounting fees. (*See* Dkt. 15 & Dkt. 17, Ex. 9.) In the current suit, plaintiffs rely on the audit results in seeking damages, as well as attorney's fees and costs. (*See* Dkts. 1 & 15.)

In answering the complaint, defendant denied many of the allegations, including that it owed plaintiffs the sums requested. (Dkt. 6.) Defendant also sent a letter to plaintiffs disputing their claims. (Dkt. 18, Ex. 15.) Plaintiffs thereafter served discovery requests and requests for admission on defendant in an effort to investigate defendant's position. (*Id.*, Exs. 16 & 17.) Plaintiffs attest that defendant did not respond to the requests, or request an extension of time to respond. (*Id.*, ¶¶6-7.)

Plaintiffs filed the motion currently under consideration on February 28, 2018. (Dkt. 15.) Defendant did not respond to the motion. After receipt of a Notice of Filing of Bankruptcy of

ORDER
PAGE - 2

Defendant Sentry Storage Partners II, LLC (Dkt. 20), the Court issued a Bankruptcy Stay Order, removing the case from the Court's active caseload, striking the date of plaintiffs' pending motion for summary judgment, and directing the parties to submit status reports and notification of a final resolution of the bankruptcy petition. (Dkt. 21.) Plaintiffs subsequently advised the Court that, on May 2, 2018, the bankruptcy court issued an order granting plaintiffs relief from the automatic stay and consenting to lifting the stay to allow plaintiffs to obtain an order, and judgment should they prevail, on their filed and fully-briefed motion for summary judgment. (Dkt. 22.) The Court, as such, herein lifts the stay and addresses the motion for summary judgment.

## DISCUSSION

Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of his case with respect to which he has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The Court must draw all reasonable inferences in favor of the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

The moving party bears the initial burden of showing the district court an absence of evidence to support the nonmoving party's case. *Celotex Corp.*, 477 U.S. at 325. The burden then shifts to the nonmoving party to establish a genuine issue of material fact. *Matsushita Elec. Indus. Co.*, 475 U.S. at 585-87. The opposing party must present significant and probative evidence to support its claim or defense. *Intel Corp. v. Hartford Accident & Indem. Co.*, 952 F.2d 1551, 1558 (9th Cir. 1991).

Defendant did not, in this case, respond to plaintiffs' motion for summary judgment. The

Court, for the reasons described below, finds no material issues of fact and plaintiffs entitled to summary judgment.

ERISA governs trusts for health and pension benefits, and obligates participating employers to make contributions to multi-employer trust funds in accordance with contract and trust agreements. ERISA Section 515, 29 U.S.C. § 1145. ERISA provides specific mandatory remedies for delinquent contributions, including, in addition to the unpaid contributions, liquidated damages, interest, attorney's fees, and costs. § 1132(g)(2).

Trust fund fiduciaries are obligated, both under ERISA and common law, to ensure proper funding of trusts by sponsoring employers. *Cent. States, Se. & Sw. Areas Pension Fund v. Cent. Transp., Inc.*, 472 U.S. 559, 570-73 (1985). They are afforded broad authority to conduct audits in order to ensure compliance. *Id*. Employers must, in turn, keep adequate business and payroll records in order to permit the calculation of benefits due under ERISA. *Brick Masons Pension Tr. v. Indus. Fence & Supply, Inc.*, 839 F.2d 1333, 1337-38 (9th Cir. 1988) (citing *Combs v. King*, 764 F.2d 818 (11th Cir. 1985)). Where a trustee produces evidence raising genuine questions as to the accuracy of an employer's records and employee hours worked, the employer must present evidence supporting its position as to the amount of contributions payable. *Id*. at 1338.

In this case, the facts show defendant BobCat Construction executed a letter of assent with the Union, thereby binding itself to the Inside Construction master labor agreement between the Union and the Puget Sound Chapter of the National Electrical Contractors Association ("NECA"), and agreeing to make monthly fringe benefit contributions to the Trust Funds on behalf of its covered employees. (Dkt. 16, Exs. 1-2; Dkt. 18, Ex. 17 (Request for Admission Nos. 1, 2.)[1] The

---

[1] Because defendant did not respond to the Requests for Admission, the matters at issue in those requests are properly deemed admitted. Fed. R. Civ. P. 36(a)(3). *Accord In re Pac. Thomas Corp.*, No. 17-15052, 2018 U.S. App. LEXIS 7227 at *2 (9th Cir. Mar. 22, 2018) ("Rule 36 is self-executing, meaning that a party admits a matter by failing to serve a response to the request within thirty days; the opposing

ORDER
PAGE - 4

letter of assent and master labor agreement also bound BobCat Construction to the terms and conditions of the five trust agreements that comprise the Trust Funds, and include terms as to damages owed as a result of any delinquent contributions, as well as attorney's fees and costs, and provide for the Trust Funds to inspect, examine, and audit the payroll and other business records of the company. (Dkt. 16, Exs. 3-7.)

The facts further show BobCat Construction underreported and underpaid fringe benefit contributions due the Trust Funds under the terms of the trust agreements. (*See* Dkt. 17, ¶¶5-7.) The payroll compliance report completed as a result of the audit specifically shows BobCat Construction owes the Trust Funds at least $193,243.38 for the period between July 1, 2014 and March 30, 2015, comprised of $144,470.24 in fringe benefit contributions, $14,789.32 in liquidated damages, $31,054.57 in accrued interest, and $2,929.25 in accounting fees. (Dkt. 17, ¶7 and Exs. 9-10; Dkt. 18, Ex. 17 (Request for Admission No. 3 and Ex. B).) The Trust Funds posit that BobCat Construction is also liable for $18,846.55 in additional accrued interest through the March 23, 2018 noting date previously set for consideration of their motion for summary judgment. (Dkt. 16, ¶10 and Ex. 8.)

In answering the complaint, BobCat Construction contended it informed the Trust Funds of errors and mistakes of fact in the compliance report. (Dkt. 6, ¶10-11.) Yet, BobCat Construction has not presented any evidence to support this contention or any contrary determination or calculations of contributions and/or other damages owing. The Court, as such, finds no genuine issues as to any material fact and the Trust Funds entitled to the relief requested as a matter of law.

## CONCLUSION

The stay in this matter is REMOVED given the May 2, 2018 order of relief from the

---

party does not have to file a motion to deem the matter admitted.")

ORDER
PAGE - 5

bankruptcy court. The Court further finds no issues of fact regarding either the enforceability of the trust agreements at issue in this case or plaintiffs' entitlement to the total amount of delinquent trust fund contributions, liquidated damages, and interest sought, as well as to plaintiffs' entitlement to attorney's fees and costs. Accordingly, plaintiffs' motion for summary judgment (Dkt. 15) is hereby GRANTED and plaintiffs awarded the amounts requested, and attorney's fees and costs in an amount to be determined. However, because plaintiffs calculated the amounts described above as of March 23, 2018, a revised accounting may now be in order. Plaintiffs must also submit a total amount of attorney's fees and costs requested. Plaintiffs shall submit such information within **ten (10) days** of the date of this Order.

DATED this 21st day of May, 2018.

Mary Alice Theiler
United States Magistrate Judge